UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS HATHAWAY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MWI VETERINARY SUPPLY CO., a foreign profit corporation doing business as MWI ANIMAL HEALTH and MICRO TECHNOLOGIES; CENCORA GLOBAL PROCUREMENT LIMITED, a foreign profit corporation; AMERISOURCEBERGEN DRUG CORPORATION, a foreign profit corporation doing business as AMERISOURCEBERGEN and HOSPICE PHARMACY CONNECT; and DOES 1-20, as-yet unknown Washington entities,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>*Removed from King County Superior Court (Case No. 26-2-19669-9 SEA)*<br><br>[28. U.S.C. §§ 1332(a), 1441, 1446, and 1453] |

**TO: THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**AND TO: PLAINTIFF AND HIS ATTORNEYS OF RECORD:**



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**PLEASE TAKE NOTICE** that Defendants MWI Veterinary Supply Co., Cencora Global Procurement Limited, and AmerisourceBergen Drug Corporation (collectively, "Cencora"), by and through their counsel of record, remove the above-titled action to this Court from the Superior Court of the State of Washington in the County of King, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because minimal diversity exists under the Class Action Fairness Act and the amount in controversy exceeds $5 million. Cencora will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

This removal is based on the following grounds:

## I. PROCEDURAL BACKGROUND

1. On June 18, 2026, Plaintiff Travis Hathaway filed an unverified putative class action complaint against Defendants MWI Veterinary Supply Co., Cencora Global Procurement Limited, and AmerisourceBergen Drug Corporation (collectively, "Cencora"), in the Superior Court of the State of Washington for the County of King, in the matter entitled *Travis Hathaway v. MWI Veterinary Supply Co., et al.*, Case No. 26-2-19669-9 SEA, a true and correct copy of which is attached as **Exhibit A** (the "Complaint").

2. On July 14, 2026, Plaintiff used a process server to serve the registered agents for MWI Veterinary Supply Co. and Cencora Global Procurement Limited. On July 22, 2026, Plaintiffs used a process server to serve the registered agents for AmerisourceBergen Drug Corporation.

3. In the Complaint, Plaintiff asserts claims on behalf of the following putative class (the "Class"):

> All current and former Washington employees of MWI Veterinary Supply Co.; Cencora Global Procurement Limited; or AmerisourceBergen Drug Corporation who earned less than twice the applicable state minimum hourly wage from June 18, 2020, through the date of Certification of the Class.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Compl. ¶ 33. On behalf of himself and the putative Class, Plaintiff asserts a single cause of action for violation of the Washington Industrial Welfare Act (RCW) 49.62.070. *See generally*, Compl.

4. Cencora has calculated the amount in controversy as set forth below. Cencora denies that it violated any laws with respect to Plaintiff or the putative class members, or that they are entitled to any relief. Cencora reserves the right to provide additional calculations if Plaintiff's theories change.

## II. REMOVAL IS TIMELY

5. Plaintiff served the registered agents for Defendant MWI Veterinary Supply Co. and Cencora Global Procurement Limited on July 14, 2026, and served the registered agent for AmerisourceBergen Drug Corporation on July 22, 2026.

6. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the thirty-day period for removal runs from the service of the summons and complaint).

7. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

8. All Defendants to this case have been served and join in this removal.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.

9. This lawsuit is a putative class action.[1] Removal based on the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) minimal diversity of citizenship exists between at least one putative class member and at least one Defendant; (ii) the aggregate number of putative class members in the proposed class is 100 or greater; and (iii) the Complaint places in controversy more than $5 million, exclusive of interest

[1] Cencora denies and reserves the right to contest Plaintiff's contention that this action can properly proceed as a class action.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Although Cencora denies Plaintiff's factual allegations and denies that Plaintiff—or the class he purports to represent—is entitled to the relief requested in the Complaint, based on Plaintiff's allegations in the Complaint and Request for Relief, all requirements for jurisdiction under CAFA have been met in this case.

**a. Diversity of Citizenship Exists.**

10. To establish CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists; that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

**(1) Plaintiff is a Citizen of Washington.**

11. "A person's state citizenship is determined by their state of domicile . . . ." *Mendoza v. City of Vancouver*, 269 F. Supp. 3d 1087, 1110 (W.D. Wash. 2017), *aff'd*, 745 F. App'x 768 (9th Cir. 2018) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is an individual's "permanent home, where she resides with the intention to remain" indefinitely. *Kanter*, 265 F.3d at 857. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

12. In his Complaint, Plaintiff specifically alleges that he "resides in … Washington." Compl. ¶ 16. Accordingly, on information and belief and based on Plaintiff's own allegations, Plaintiff is, and was at the time of filing of the Complaint, a citizen of Washington for diversity



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

jurisdiction purposes. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief.'").

**(2) Defendant MWI Veterinary Supply Co. Is a Citizen of Idaho.**

13. Defendant MWI Veterinary Supply Co. is a citizen of Idaho. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is where its "officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meeting[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

14. Defendant MWI Veterinary Supply Co. is a corporation organized under the laws of the State of Idaho. MWI Veterinary Supply Co.'s principal place of business is located in Boise, Idaho. MWI Veterinary Supply Co. is not and has never been organized under the laws of the state of Washington, nor are its headquarters, executive offices, or officers based in Washington. Thus, MWI Veterinary Supply Co. is a citizen of Idaho, and not Washington, for purposes of determining diversity under CAFA.

**(3) Cencora Global Procurement Limited Is a Citizen of Ireland.**

15. Defendant Cencora Global Procurement Limited is a corporation organized under the laws of Ireland. Cencora Global Procurement Limited maintains its corporate headquarters in Cork, Ireland. Thus, its principal place of business is in Ireland. Accordingly, Cencora Global Procurement Limited is a citizen of Ireland, and not Washington, for purposes of determining diversity under CAFA.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**(4) AmerisourceBergen Drug Corporation Is a Citizen of Delaware and Pennsylvania.**

16. Defendant AmerisourceBergen Drug Corporation is a corporation organized under the laws of the State of Delaware. AmerisourceBergen Drug Corporation's principal place of business is located in Conshohocken, Pennsylvania, where a majority of its executive functions take place. Thus, its principal place of business is in Conshohocken, Pennsylvania. Accordingly, AmerisourceBergen Drug Corporation is a citizen of Delaware and Pennsylvania, and not Washington, for purposes of determining diversity under CAFA.

**b. The Putative Class Has More Than 100 Members.**

17. CAFA's requirement that proposed class membership be no less than 100 members (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members.

18. Plaintiff asserts claims on behalf of a putative Class comprised of "All current and former Washington employees of MWI Veterinary Supply Co.; Cencora Global Procurement Limited; or AmerisourceBergen Drug Corporation who earned less than twice the applicable state minimum hourly wage from June 18, 2020, through the date of certification of the Class." Compl. ¶ 33. Based on a current analysis of their company records, at least 800 employees have worked for any of the Defendants in Washington from June 18, 2020 to date, who earned less than twice the applicable minimum hourly wage. Thus, the putative Class contains more than 100 members.

**c. The Amount in Controversy Exceeds $5,000,000.**

19. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). When a plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).[2]

20. A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. It is beyond dispute that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal citations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short and plain' need not contain evidentiary submissions"); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the action to state court due to an 'inappropriate demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy' for purposes of CAFA removal).

21. The ultimate inquiry is what amount the complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); *see also Jauregui*, 28 F.4th at 993 ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy. This is also at a stage of the

---

[2] This Notice of Removal addresses the nature and amount of damages the Complaint places in controversy. Cencora refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Cencora maintains that each of Plaintiff's claims lacks merit and that Cencora is not liable to Plaintiff or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Cencora's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In addition, Cencora denies that this case is suitable for class treatment.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

litigation before any of the disputes over key facts have been resolved.”). The burden to establish the jurisdictional amount under CAFA “is not ‘daunting,’ as courts recognize that under this standard, a removing defendant is not obligated to ‘research, state and prove the plaintiff’s claims for damages.’” *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also LaCross*, 775 F.3d at 1203 (rejecting plaintiff’s argument for remand based on the contention that the class may not be able to prove all amounts claimed: “Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable.”); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants “are not stipulating to damages suffered, but only estimating the damages in controversy”).

22. The allegations in the removing defendant’s notice of removal “may rely on ‘a chain of reasoning that includes assumptions’ and ‘an assumption may be reasonable if it is founded on the allegations of the complaint.’” *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias*, 936 F.3d at 925 (9th Cir. 2019)). Moreover, Congress intended for federal jurisdiction to be appropriate under CAFA “if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief or declaratory relief).” Senate Judiciary Report, S. Rep. 109-14, at 42. As the United States Supreme Court has advised, “no antiremoval presumption attends cases invoking CAFA” because Congress intended to “facilitate adjudication of certain class actions in federal court.” *Dart Cherokee*, 574 U.S. at 87.

23. In assessing the amount in controversy, a court must “assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.” *Campbell v. Vitran Exp., Inc.*, 471 F. App’x 646, 648 (9th Cir. March 8, 2012). When the complaint is “lacking in factual detail,” a defendant seeking removal is particularly “justified in employing reasonable estimates” to establish the amount in controversy. *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017); *see also*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonable assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts specific to her claims which would narrow the scope of the putative class or damages sought").

24. Although Cencora denies Plaintiff's factual allegations and denies that he—or the putative Class he seeks to represent—is entitled to the relief for which Plaintiff has prayed, Plaintiff's allegations and prayer for relief have more likely than not put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative Class members as set forth in 28 U.S.C. § 1332(d)(6), for the reasons explained below.

**(1) Plaintiff's First Claim for Violation of RCW 49.62.070 Puts at Least $5,000,000 in Controversy.**

25. Plaintiff alleges that "Plaintiff and Class members earned less than twice the applicable state minimum wage from Defendants." Compl. ¶ 45. Plaintiff further alleges that "Defendants restricted, restrained, or prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed" in violation of RCW 49.62.070. *Id.* ¶ 46. Based on this purported violation, "Plaintiff and Class members each seek actual damages or a statutory penalty of $5,000, whichever is greater." *Id.* ¶ 49. Plaintiff also seeks to recover attorneys' fees. *Id.* ¶ 49.

26. Accordingly, Plaintiff contends that Defendants should be required to pay a minimum of $5,000 in statutory damages to each putative class member, in addition to class-wide fees.

27. Based on Defendants' records, there are more than 800 members of the putative Class as defined in the Complaint.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

28. Accordingly, Defendants' conservative calculation of the amount in controversy for Plaintiff's claim for violation of RCW 42.62.070, based on the allegations in the Complaint, is over **$5,000,000.**

29. If Plaintiff recovers the minimum statutory penalties for at least 801 putative class members, statutory damages alone would exceed $4,000,000 [$5,000 x 801 putative class members = $4,005,000]. The computation is based on the express allegations of Plaintiff's complaint. *See* Compl. ¶¶ 45-49.

30. Additionally, Plaintiff seeks attorneys' fees, ¶ 49, which are available under RCW 49.62.080. Attorney fees are properly considered for purposes of determining the amount in controversy under CAFA. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy.") (citation omitted).

31. Under CAFA, Courts have recognized that 25% of the total recovery as the "benchmark" for class action counsel that could recovered by the class. *Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *5 (W.D. Wash. Aug. 2, 2022); *see also Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees.") (quotations omitted); *Berry v. Transdev Servs., Inc.*, No. C15-1299-RAJ, 2016 WL 11261499, at *4–5 (W.D. Wash. Jan. 11, 2016) (finding amount in controversy exceeded $5 million with consideration of attorney fees equal to 25% of the compensatory damages).

32. Here, applying the 25% benchmark to an award of at least $4,005,000 in statutory damages would yield attorneys' fees over $1,000,000. Thus, together, the amount in controversy exceeds $5,000,000.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**d. CAFA Exceptions to Removal Do Not Apply.**

33. CAFA's "home-state" and "local controversy" exceptions to do not apply to this removal.

34. First, under the "home state" exception, courts decline jurisdiction if: (1) two-thirds or more of the members of all proposed plaintiff classes in the aggregate and (2) the primary defendant are citizens of the state where the class action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(B). The "home state" exception applies only when all "primary defendants" are citizens of the state in which the action was filed. 28 U.S.C. § 1332(d)(4)(B); *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011) ("[Home state] test requires that all 'primary defendants' be residents of the same state in which the action is filed."). Here, none of the Defendants are citizens of Washington, the state where this action was originally filed, and so the home state exception to CAFA removal does not apply.

35. Second, the "local controversy" exception to CAFA jurisdiction also does not apply. The "local controversy" exception applies if: (1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the class action was originally filed; (2) at least one defendant is a defendant (a) from whom significant relief is sought by members of the plaintiff class; (b) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (c) who is a citizen of the state in which the action was originally filed; (3) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and (4) during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. *See* 28 U.S.C. § 1332(d)(4)(A). Once again, this exception is not met for the simple fact that none of the Defendants are citizens of Washington.



**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

36. For these reasons, neither the "home state" exception nor the "local controversy" exception applies. Because each of CAFA's requirements are satisfied and no exception applies, removal is appropriate.

**III. <u>VENUE</u>**

37. This action was originally filed in the Washington Superior Court for the County of King. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

**IV. <u>NOTICE</u>**

38. Cencora will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

39. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Cencora as well as other documents filed in the state court action are filed concurrently with this Notice of Removal as exhibits hereto.

**V. <u>CONCLUSION</u>**

40. Based on the foregoing, Cencora requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Cencora respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal, as well as jurisdictional discovery.

//

//

//

//

//

//

//



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

DATED: August 13, 2026.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Andrew DeCarlow*

Damon Elder, WSBA #46754
Andrew DeCarlow, WSBA #54471
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: damon.elder@morganlewis.com
andrew.decarlow@morganlewis.com

*Counsel for Defendants*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## CERTIFICATE OF SERVICE

I certify that on this date, I served true and correct copies of the following documents upon all counsel who have appeared in the action in the manner indicated below:

1. Notice of Removal with Exhibit A
2. Jury Demand
3. Civil Cover Sheet
4. Verification of State Court Records;
5. Defendants' Corporate Disclosure Statement; and
6. Notice of Filing of Notice of Removal.

**EMERY | REDDY, PC**
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Email: emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
hannah@emeryreddy.com

*Counsel for Plaintiffs*

☐ Via Legal Messenger
☐ Via First Class Mail
☐ Via Facsimile
☒ Via Electronic Mail
☒ Via CM/ECF

Dated: August 13, 2026, at Seattle, Washington.

*s/Sabre' Ockimey*
Sabre' Ockimey, Legal Assistant



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401