# EXHIBIT A

FILED
2026 JUN 18 12:24 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19669-9 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| TRAVIS HATHAWAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MWI VETERINARY SUPPLY CO., a foreign profit corporation doing business as MWI ANIMAL HEALTH and MICRO TECHNOLOGIES; CENCORA GLOBAL PROCUREMENT LIMITED, a foreign profit corporation; AMERISOURCEBERGEN DRUG CORPORATION, a foreign profit corporation doing business as AMERISOURCEBERGEN and HOSPICE PHARMACY CONNECT; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Travis Hathaway ("Plaintiff"), individually and on behalf of all others similarly situated ("Class"), brings this action against Defendants MWI Veterinary Supply Co.; Cencora Global Procurement Limited; and AmerisourceBergen Drug Corporation (collectively, "Defendants" or "Cencora") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as follows:



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## I. NATURE OF THE CASE

1. This is a class action lawsuit to remedy Defendants' business practice of illegally restricting, restraining, or prohibiting low-wage workers from engaging in lawful professions, trades, and businesses and from accepting or transacting business with customers in violation of Washington's noncompetition law. *See* ch. 49.62 RCW.

2. The Washington Legislature ("Legislature") enacted chapter 49.62 RCW, effective January 1, 2020, to facilitate workforce mobility and protect workers by prohibiting restrictive covenants that limit competition or hiring. *See* RCW 49.62.005.

3. In so doing, the Legislature found that "[w]orkforce mobility is important to economic growth and development" and that "[a]greements limiting competition or hiring may be contracts of adhesion that may be unreasonable." RCW 49.62.005(1)-(2).

4. The Legislature defined a "noncompetition covenant" to include "every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind." RCW 49.62.010(4).

5. Effective January 1, 2020, "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed." RCW 49.62.070(1).

6. In prohibiting employers from restricting low-wage workers' ability to hold supplemental employment, the Legislature—as confirmed by the Washington Supreme Court—recognized that "many low wage workers must work multiple jobs" to earn a livable wage and "to provide for themselves and their families." *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 244, 253 (2025). Recognizing this economic reality, the Legislature specifically intended to "broadly protect" these economically vulnerable workers "by allowing them to secure supplemental employment within their industry." *Id.* at 249 n.3 (citing ENGROSSED SUBSTITUTE H.B. 1450, 66th Leg., Reg. Sess. (Wash. 2019)).



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

7. If an employer seeks greater control over their employees by restricting the worker's freedom to hold an additional job, "they have a simple solution—pay the worker more than twice the applicable state minimum hourly wage." *Id.* at 260 (Lewis, J., concurring).

8. To better protect Washington workers from unreasonable and illegal restrictive covenants, the Legislature mandated that chapter 49.62 RCW "be construed liberally for the accomplishment of its purposes." RCW 49.62.110.

9. In 2024, the Legislature further strengthened the liberal construction mandate of chapter 49.62 RCW in response to courts "misinterpret[ing]" the statutory provisions and "fail[ing] to embrace that the statute should be liberally construed." S.B. REP. ON ENROLLED SUBSTITUTE S.B. 5935, 68th Leg., Reg. Sess. (Wash. Feb. 6, 2024) ("ESSB 5935 Bill Report"). The Legislature emphasized the importance of this liberal mandate by repeating its express requirement that courts "liberally constru[e]" the "provisions in [chapter 49.62 RCW] facilitating workforce mobility and protecting employees and independent contractors" and "narrowly constru[e]" its exceptions. RCW 49.62.005(3); SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024); *see also David*, 4 Wn.3d at 245, 247, 248-50 (applying liberal construction to RCW 49.62.070).

10. In the 2024 amendments, the Legislature also confirmed that the prohibition on noncompetition covenants includes "agreement[s] that directly or indirectly prohibit[] the acceptance or transaction of business with a customer." RCW 49.62.010(4). The Legislature intended to clarify that an employer cannot prevent a former employee from accepting business from customers. ESSB 5935 Bill Report at 4. This amendment was, again, in direct response to "courts . . . misconstru[ing] nonacceptance of business clauses as nonsolicitation covenants." *Id.*

11. Supporters of the 2024 amendments, which strengthened worker protections, highlighted the harm of noncompete clauses generally, noting that these restrictions "interfere with a person's ability to seek or accept a new job," "suppress wages[,] and allow[] large companies to control workers." ESSB 5935 Bill Report at 4.

12. In violation of chapter 49.62 RCW generally, and RCW 49.62.070 specifically,



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Defendants unlawfully restricted, restrained, or prohibited Plaintiff and over 40 Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed, while paying them less than twice the applicable state minimum hourly wage.

13. Plaintiff and Class members seek damages pursuant to RCW 49.62.080.

## II. JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to RCW 2.08.010.

15. Venue is proper in this Court pursuant to RCW 4.12.020 because the acts and omissions alleged took place, in whole or in part, in King County, Washington and pursuant to RCW 4.12.025 because Defendants transact business in King County, Washington.

## III. PARTIES

16. Plaintiff Travis Hathaway resides in Grant County, Washington and was employed by Defendants in Washington.

17. Defendant MWI Veterinary Supply Co. is a foreign profit corporation doing business as MWI Animal Health and Micro Technologies. Defendant MWI Veterinary Supply Co. regularly transacts business in King County, Washington.

18. Defendant Cencora Global Procurement Limited is a foreign profit corporation that regularly transacts business in Washington.

19. Defendant AmerisourceBergen Drug Corporation is a foreign profit corporation doing business as AmerisourceBergen and Hospice Pharmacy Connect. Defendant AmerisourceBergen Drug Corporation regularly transacts business in King County, Washington and has offices for the transaction of business in King County, Washington at 19220 64th Avenue South, Kent, Washington 98032 and 2141 South 211th Street, Suite A, SeaTac, Washington 98198.

20. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

## IV. STATEMENT OF FACTS

21. Cencora is one of the largest global pharmaceutical sourcing and distribution services companies.

22. Plaintiff is a former Washington employee of Cencora.

23. Class members are current and former Washington employees of Cencora.

24. Washington's minimum wages and the earning thresholds set by RCW 49.62.070(1) during the relevant time period are as follows:

| Year | Washington Min. Wage | RCW 49.62.070(1) Threshold |
|---|---|---|
| 2020 | $13.50 per hour | $27.00 per hour |
| 2021 | $13.69 per hour | $27.38 per hour |
| 2022 | $14.49 per hour | $28.98 per hour |
| 2023 | $15.74 per hour | $31.48 per hour |
| 2024 | $16.28 per hour | $32.56 per hour |
| 2025 | $16.66 per hour | $33.32 per hour |
| 2026 | $17.13 per hour | $34.26 per hour |

*History of Washington State's Minimum Wage*, WASH. STATE DEP'T OF LAB. & INDUS., https://lni.wa.gov/workers-rights/wages/minimum-wage/history-of-washington-states-minimum-wage (last visited June 18, 2026); RCW 49.62.070(1).

25. Plaintiff and Class members earned less than twice the applicable state minimum hourly wage from Cencora.

26. Cencora's policies and procedures reflect a standard business practice designed to prevent low-wage workers from having second jobs.

27. These policies and procedures are evidenced, in part, by Cencora's Confidentiality and Intellectual Property Agreement.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

28. Cencora required Plaintiff and Class members to sign the Confidentiality and Intellectual Property Agreement on or after their first day of employment.

29. Upon information and belief, Cencora maintains additional written covenants, oral covenants, agreements, or contracts restricting, restraining, or prohibiting Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

30. Cencora subjected Plaintiff and Class members to one or more written or oral covenants, agreements, or contracts restricting, restraining, or prohibiting them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

31. By restricting, restraining, or prohibiting Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed while paying them less than twice the applicable state minimum hourly wage, Cencora violated Plaintiff and Class members' statutory rights under chapter 49.62 RCW.

32. Plaintiff and Class members suffered economic and non-economic harm and damages as a result of being restricted, restrained, or prohibited from having an additional job by Cencora, including, but not limited to lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility.

## V. CLASS ACTION ALLEGATIONS

33. Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Class defined as follows:

> All current and former Washington employees of MWI Veterinary Supply Co.; Cencora Global Procurement Limited; or AmerisourceBergen Drug Corporation who earned less than twice the applicable state minimum hourly wage from June 18, 2020, through the date of certification of the Class.

34. Excluded from the Class are Defendants and their officers and directors.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

35. Numerosity. The number of Class members exceeds 40 and it is therefore impracticable to join all members of the Class as named plaintiffs.

36. Commonality. Because Plaintiff and all Class members were subject to the same practices of Defendants, there are common questions of law and fact among Plaintiff and Class members.

37. Typicality. Plaintiff's claims are typical of the claims of all Class members and of Defendants' anticipated defenses thereto. Plaintiff and Class members were subject to the same course of conduct of Defendants.

38. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. There is no conflict between Plaintiff and Class members. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

39. Predominance. Questions of law or fact common to members of the Class predominate over any questions affecting only individual members.

40. Superiority. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful conduct. Absent a class action, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. A class action is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.62.070
*Claim of Relief for Plaintiff and the Class*

41. Plaintiff incorporates by reference all foregoing factual allegations and realleges



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

them as though fully set forth herein.

42. Defendants are "employer[s]" as defined by RCW 49.62.010(2).

43. Plaintiff and Class members are "employee[s]" as defined by RCW 49.62.010(2).

44. Defendants employed Plaintiff and Class members in Washington.

45. Plaintiff and Class members earned less than twice the applicable state minimum hourly wage from Defendants.

46. Defendants restricted, restrained, or prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

47. Defendants' actions and omissions violate RCW 49.62.070.

48. As a result of Defendants' actions and omissions, Plaintiff and Class members have experienced economic and non-economic harm.

49. Plaintiff and Class members each seek actual damages or a statutory penalty of $5,000, whichever is greater, plus costs and reasonable attorneys' fees pursuant to RCW 49.62.080.

## VII. REQUEST FOR RELIEF

50. Plaintiff, individually and on behalf of members of the Class, requests that the Court enter judgment against Defendants as follows:

a. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

b. Actual damages or a statutory penalty of $5,000, whichever is greater, to Plaintiff and each Class member pursuant to RCW 49.62.080;

c. Attorneys' fees and costs pursuant to RCW 49.62.080;

d. Pre- and post-judgment interest;

e. Declaratory relief to the effect that Defendants' anti-moonlighting policies violate Washington law;

f. Leave to amend this complaint to conform to the evidence; and



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

g. Any additional or further relief the Court deems equitable, appropriate, or just.

DATED June 18, 2026.

**EMERY | REDDY, PC**

By: */s/ Timothy W. Emery*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah Hamley, WSBA No. 59020
Emery | Reddy, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
*Attorneys for Plaintiff Travis Hathaway*